**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4718**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

NIKKI NICOLE THOMAS,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District Judge.  (7:07-cr-00094-HMH-7)

Submitted:  September 23, 2008          Decided:  October 20, 2008

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Remanded by unpublished per curiam opinion.

Rodney Wade Richey, Greenville, South Carolina, for Appellant. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nikki Thomas seeks to appeal her conviction and sentence. The government has moved to dismiss the appeal as untimely. In criminal cases, the defendant must file a notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A). The district court may, upon a showing of excusable neglect, with or without a motion for extension of time, extend the time for filing a notice of appeal by thirty days. Fed. R. App. P. 4(b); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

In this case, the district court's judgment was entered on March 20, 2008. On July 10, 2008, the district court received an undated letter from Thomas in which she stated her intent to appeal. Under Houston v. Lack, 487 U.S. 266 (1988), the notice of appeal is considered filed when it is given to prison officials for mailing. Because it is not clear from the record whether Thomas' appeal was timely noted, we remand the case to the district court for a factual finding of when Thomas' notice of appeal was given to prison officials for mailing. Further, if the district court finds that the notice of appeal was given to prison officials within the excusable neglect period, the court should also determine whether there was excusable neglect justifying Thomas' delay in noting an appeal. See Reyes, 759 F.2d at 353-54 (appeal may be remanded for determination of excusable neglect when such neglect is not apparent from the face of the record; motion for extension of time

2

to appeal not prerequisite to district court's excusable neglect determination in direct criminal appeal).  The record, as supplemented, will then be returned to this court for further consideration.

REMANDED